Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATE, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT, |
| | ) ROSENTHAL FAIR DEBT |
| GC SERVICES LIMITED | ) COLLECTION PRACTICES ACT, |
| PARTNERSHIP | ) AND INVASION OF PRIVACY |
| | ) |
| Defendant. | ) |

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, MICHAEL PATE ("Plaintiff"), is a natural person residing in Stanislaus county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, GC SERVICES LIMITED PARTNERSHIP("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

1. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d)), including, but not limited to, calling Plaintiff more than twice a day;
2. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)), including, but not limited to, calling Plaintiff more than twice a day;
3. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)), including, but not limited to, calling Plaintiff more than twice a day;
4. Falsely representing the character, amount, or legal status of Plaintiffs debt (§ 1692e(2)(A));
5. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof(§ 1692g(a));
6. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)), including, but not limited to calling Plaintiff at work, calling Plaintiff's wife and harassing her, calling Plaintiff's mother and threatening her with wage garnishment, and threatening to get Plaintiff fired from his job;
7. Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));
8. Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j));
9. In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for

purposes other than obtaining location information (§ 1692b & § 1692c(b)), including, but not limited to, calling Plaintiff's mother and threatening her with wage garnishment;
10. In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & § 1692c(b));
11. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & § 1692c(b)), including, but not limited to, calling Plaintiff's mother and threatening her with wage garnishment;
12. Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & § 1692c(b)), including, but not limited to, calling Plaintiff's mother and threatening her with wage garnishment;
13. Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4)), including, but not limited to, calling Plaintiff's mother and threatening her with wage garnishment and calling Plaintiff and threatening to have him fired;
14. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken(§ 1692e(5)), including, but not limited to, calling Plaintiff's mother and threatening her with wage garnishment and calling Plaintiff and threatening to have him fired;
15. Communicating or threatening to communicate credit information which is known or which should be known to be false(§ 1692e(8));
16. In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§ 1692d(2));

17. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§ 1692d(2)), including, but not limited to, an employee of Defendant telling Plaintiff's wife that he did not care if Plaintiff's family has food or not, and it's not his problem if Plaintiff loses his job and can't support his family;

18. Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c)), including, but not limited to, calling Plaintiff after he has mailed and faxed four letters to Defendant; and

19. After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b)), including, but not limited to, calling Plaintiff after he has mailed and faxed four letters to Defendant.

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 14th day of December, 2009.

By: _____
TODD M. FRIEDMAN (216752)
Attorney for Plaintiff, Michael Pate